UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Case No. 2:17-cr-00071 |
| NAM VU BUI, : | |
| Defendant. : | |

## Opinion and Order

On November 22, 2019, Mr. Bui was found guilty of one count of possessing at least one matter consisting of visual depictions of child pornography after a two-day jury trial. Mr. Bui now brings a motion for a judgment of acquittal and/or a new trial.

For the reasons set forth below, Defendant's motion is **denied**.

## Background

At Mr. Bui's trial, the Government introduced evidence to establish the presence of child pornography on his laptop and cell phone devices, including Exhibits 32, 33, 42, and 43. **ECF 107 at 188-195.** These images (hereafter the "Penny Images") are close-up photographs of female genitalia with no other identifying features depicted in the frame. **ECF 107 at 188-195.** At trial, the Government's witnesses offered testimony demonstrating that the Penny Images were found on Defendant's

1

laptop and cell phone devices. **ECF 107 at 105-112.** The Government also argued that the Penny Images depict PD, Defendant's ex-girlfriend's then-minor sister, based on Defendant's statements to law enforcement and visual similarities between the Penny Images and other photographs of PD found on his devices. Defense counsel contends that there was no way to visually verify that the Penny Images depict a minor or PD specifically, and that the Government's evidence was circumstantial and nonconclusory.

The jury found Mr. Bui guilty of possessing child pornography based on the Penny Images. Mr. Bui now makes this motion for judgment of acquittal and / or new trial, submitting that the jury's verdict lacked a sufficient evidentiary basis.

## Standard of Review

1.) **Motion for Judgment of Acquittal**

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(a). "A district court will grant a motion to enter a judgment of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable

doubt." *United States v. Jackson*, 335 F.3d 170, 180 (2d. Cir. 2003). As such, a court may grant a judgment of acquittal only "if the evidence that the defendant committed the crime alleged was nonexistent or ... meager." *Id.* (quoting *United States v. Guadagna*, 193 F.3d 122, 130 (2d. Cir. 1999). The evidence must be viewed by the trial court "in the light most favorable to the Government and all permissible inferences drawn in the Government's favor." *Jackson* at 180.

**2.) Motion for a New Trial**

Rule 33(a) of the Federal Rules of Criminal Procedure provide that, "upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Given that the district court must generally defer to the jury's resolution of conflicting evidence and assessment of witness credibility, "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment" (e.g. where testimony is "patently incredible or defies physical realities"). *United States v. Ferguson,* 246 F.3d 129, 134 (2d. Cir. 2001) (quoting *United States v. Sanchez, 969 F.2d 1409, 1413 (2d. Cir. 1992)).* While the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, it must exercise this Rule 33 authority "sparingly" and in "the most extraordinary

circumstances." *Id.* The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice; there must be a real concern that an innocent person may have been convicted. *Id.*

### Discussion

Mr. Bui seeks a judgment of acquittal and/or new trial by arguing that the jury lacked sufficient evidence to conclude that the Penny Images depicted a minor. This argument lacks merit. Based on the record evidence, a rational trier of fact could have found that the Penny Images depicted PD, a known minor, beyond a reasonable doubt. The Government produced significant evidence in support of such a finding, and there is no basis for any real concern that an innocent person may have been convicted.

The Government presented key pieces of evidence at trial to support the argument that the Penny Images depicted PD, a known minor. First, through testimony from Middlebury Police Department (MPD) Officer Bill Austin, Detective Kris Bowdish, and forensic examiner Robert Farr, the Government established that the devices upon which these images were found belonged to Mr. Bui. **ECF 107 at 21-27, 33-37, 105-112.** Secondly, the Government introduced statements by Mr. Bui to Officer Bowdish, in which he admitted to having nude images of PD on his phone. **ECF 111 at 42.** According to Office Bowdish's testimony, Mr. Bui

4

told her that PD was "underage" and that the images of her on his device depicted "her face, her breasts, her vagina, and her vulva." **ECF 111 at 42.**

Robert Farr testified that, based on his search of Mr. Bui's devices for images matching Mr. Bui's description, he found both the Penny Images and one other image, Exhibit 31/41, which depicts PD's face and breasts foregrounding a bathroom mirror, countertop, and wallpaper. **ECF 107 at 105-112.** According to Homeland Security Investigations Special Agent Caitlyn Moynihan's testimony, Exhibits 31/41, 32, 33, 42, and 43 all originate from cellular devices of the same make and model. **ECF 107 at 210-211.** Agent Moynihan also testified that all six images feature "the same" wallpaper and "the same" countertop. **ECF 107 at 210-211.**

Based on both Mr. Bui's statement to law enforcement and the similarities between the Penny Images and Exhibits 31/41, a rational trier of fact could have reasonably inferred that the Penny Images depicted PD, and, therefore, that Mr. Bui knowingly possessed child pornography. The Government has offered substantial evidence to support such a conclusion from a reasonable jury.

Mr. Bui contends that the jury's verdict lacks a sufficient evidentiary basis because it is impossible for a juror to visually confirm that the Penny Images in fact depict a minor.

5

Moreover, he points out that the metadata reveals that these images were taken on different dates, and there is no clear or verifiable indication that they share background imagery. Finally, he argues that because his devices also contained adult pornography, the Penny Images could just as well depict an adult.

Even so, however, Mr. Bui's arguments do not raise a severe enough defect in the Government's evidence to render a reasonable jury's guilty verdict irrational. While Defendant raises the possibility that the Penny Images could be adult pornography, the jury was presented with enough evidence that linked the Penny Images to PD for their verdict to pass muster under Fed. R. Civ. P. 29(a). Moreover, there is no indication that the jury's verdict constitutes a manifest miscarriage of injustice warranting a new trial under Fed. R. Civ. P. 33(a). As such, the Court **denies** Defendant's motion for judgment of acquittal and/or new trial.

## Conclusion

For the aforementioned reasons, Defendant's motion for a judgment of acquittal and/or a new trial is **denied**. Sentencing is scheduled for June 29, 2020.

6

DATED at Burlington, in the District of Vermont, this 2nd day of April, 2020.

/s/ William K. Sessions III  
William K. Sessions III  
U.S. District Court Judge